JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1587 PA (SSx) | Date | March 1, 2011 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Maria C. Aguilar | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Maria C. Aguilar ("Defendant") on February 23, 2011. (Docket No. 1.) Plaintiff Deutsche Bank National Trust Company's ("Plaintiff") Complaint, filed in Los Angeles County Superior Court, asserts a single cause of action under state law for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

Defendant asserts that a federal question exists because "Plaintiff claims an Unlawful Detainer action with a right of possession to the subject property upon repurchasing the subject property at a

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1587 PA (SSx) | Date | March 1, 2011 |
|---|---|---|---|
| Title | Deutsche Bank National Trust Co. v. Maria C. Aguilar | | |

public auction on March 19, 2010 in a less [sic] amount than the amount being serviced as the debt." (Notice of Removal ¶ 2.) As Defendant notes, the Complaint contains a cause of action for unlawful detainer. However, contrary to Defendant's assertions, unlawful detainer is a claim under state law, not federal law. Defendant does not allege that the Complaint contains a federal claim in disguise, or that the unlawful detainer claim is preempted by federal law. Thus Defendant has not met her burden to demonstrate federal question jurisdiction under 28 U.S.C. § 1331.

Defendant also alleges that there is a federal question because "it is a civil action involving a debt under Federal Question a Loan secured against a real property . . . an amount that exceeds $75,000.00 United States Dollars." (Notice of Removal ¶ 6.) In this manner it appears that Defendant is alleging that there is diversity jurisdiction under 28 U.S.C. § 1332, which requires all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). When a plaintiff has affirmatively pled an amount in controversy less than the jurisdictional minimum a defendant seeking removal has the burden of proving to a legal certainty that the amount in controversy requirement is met. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 999-1000 (9th Cir. 2007). A court may not base its jurisdiction on speculation and conjecture. Id. at 1002. Rather, the removing defendant must submit "summary-judgment-type" evidence to support its claims of the amount in controversy. See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). In this case Defendant has not alleged any facts concerning Plaintiff's citizenship or her own citizenship. Plaintiff's Complaint alleges that the amount in controversy is less than $10,000.00, which means that Defendant has the burden to submit evidence that demonstrates to a legal certainty that the amount is greater than $75,000.00. Defendant, however, has submitted no evidence to support her conclusory allegations concerning the amount in controversy. For these reasons, Defendant has also failed to show that this Court has diversity jurisdiction over this action.

For the foregoing reasons, Defendant has failed to meet her burden of showing that federal question jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. LB 11U00419. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.